**NOT FOR PUBLICATION**

**FILED**



UNITED STATES COURT OF APPEALS

DEC 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IACOB BOTH; et al., | No.   09-72024 |
| Petitioners, | Agency Nos.   A099-340-361 |
| v. | A099-340-418 |
| | A099-340-362 |
| JEFFERSON B. SESSIONS III, Attorney General, | A099-340-363 |
| | A099-340-364 |
| | A099-340-365 |
| Respondent. | A099-340-366 |
| | A099-340-367 |
| | A099-340-368 |
| | A099-340-369 |

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2017
San Francisco, California

Before:  W. FLETCHER and PAEZ, Circuit Judges, and WILKEN,[**] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

Petitioners Iacob Both, Elisabeta Both, and their eight children (collectively, "the Boths") petition for review of the Board of Immigration Appeals' ("BIA") decision denying their claims for asylum and withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We review "the [BIA]'s legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal citations omitted). We grant the petition and remand for further proceedings.

The record compels the conclusion that the Boths suffered past persecution on account of their Romanian background.[2] The BIA's determination that the Boths had failed to establish that the Austrian government was unable or unwilling to control the family's assailants is not supported by substantial evidence.

When an asylum seeker has reported past persecution to the authorities, we "look[] to evidence of how the police responded to the petitioner's requests for protection." *Bringas-Rodriguez*, 850 F.3d at 1063. The Boths requested assistance

---

[1] On appeal, the Boths do not challenge the BIA's denial of their Convention Against Torture ("CAT") claim. Accordingly, the Boths have "waived review of their CAT claim." *Tampubolon v. Holder*, 610 F.3d 1056, 1058 n.3 (9th Cir. 2010).

[2] We assume, without deciding, that Mr. Krammer was not a government official. We note, however, that if the persecutor in question is a government official, the "third prong of our asylum inquiry is satisfied without further analysis [and] no inquiry into whether a petitioner reported the persecution to police is necessary." *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004).

from the police and other governmental authorities on three separate occasions. On the first of these occasions, the mayor of their town not only refused to offer any assistance to the family but actively disparaged them, remarking that the Boths were Austrian citizens "on paper only and nothing more."

When D.B., the Boths' twelve-year-old son, was brutally beaten in 2002 by Mr. Krammer, the chief of Burgau's fire department, and rendered permanently deaf in one ear, the police declined to arrest Mr. Krammer or bring criminal charges. Local prosecutors instead pursued an out-of-court settlement that required Mr. Krammer to pay restitution to the Boths. Mr. Krammer ultimately refused to pay the restitution amount—a decision that prosecutors did not challenge for three years. It was not until 2005 that prosecutors finally sought and procured a higher restitution amount in court. This, too, proved inconsequential. Mr. Krammer, who was evidently undeterred by the prospect of an unenforced fine and continued to threaten D.B. and the Both family following the attack, informed the Boths' attorney that he would "rather kill [D.B.] than pay him any money."

We have repeatedly cautioned that the mere appearance of punishment "may not be sufficient to rebut claims that the government is unable or unwilling to stop persecutors, especially where the punishment may amount to no more than a 'slap on the wrist.'" *Navas v. INS*, 217 F.3d 646, 656 n.10 (9th Cir. 2000) (internal

citation omitted). Mr. Krammer's ethnically motivated attack left D.B., a child, with damaged adaptability and long term depressive symptoms. Moreover, D.B. continues to suffer from medical complications stemming from the assault. Given the gravity of the offense, the prosecutors' pursuit of a monetary fine was not punishment "commensurate with [Mr. Krammer's] crimes." *Singh v. INS*, 94 F.3d 1353, 1357 (9th Cir. 1996). This is particularly true because Mr. Krammer's unceasing threats eventually forced the Boths to relocate to the United States. As a result, Mr. Krammer never paid restitution and suffered no consequences for his assault. Such a superficial "punishment" or "slap on the wrist" compels the conclusion that the Austrian authorities were unwilling or unable to control him.

Lastly, we note that although the police dispatched an officer to assist the Boths in the aftermath of a car accident on one occasion, the record shows that the officer's attitude towards the Boths changed after he realized they were Romanian. The officer refused to locate the driver who pushed the Boths off the road and said he would do nothing unless the Boths told him the identity of the driver—information the Boths could not possibly produce. The Boths ultimately received no assistance following the accident.

The record contains additional evidence that the Austrian government was unwilling or unable to control the Boths' persecutors. The 2006 country report for

4

Austria clearly states that "persons from diverse ethnic and racial backgrounds face[] increasing discrimination from government officials, particularly the police."

We therefore conclude that the BIA's decision was unsupported by substantial evidence. Because the Boths have successfully shown past persecution on their asylum and withholding claims, they are entitled to a presumption that they have a well-founded fear of future persecution. *See Baballah*, 367 F.3d at 1078. We remand for the agency to determine whether the government has rebutted this presumption. *See INS v. Ventura*, 537 U.S. 12, 16–18 (2002).

**PETITION FOR REVIEW GRANTED; REMANDED.**